WILLIAM C. FISHER *vs.* ANDREWS & PIERCE, INC.

MARCH 17, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J.   This is an action of trespass on the case

for negligence in which defendant's demurrer was sustained by the superior court, apparently on the ground that the declaration failed to allege that the operator of the plaintiff's automobile was in the exercise of due care at the time of its collision with the defendant's tractor trailer. The plaintiff excepted to such ruling and, although given an opportunity to amend, elected to stand on his declaration. The case is here on his bill of exceptions containing only that exception.

Defendant states in its brief that the demurrer was especially directed to that part of the declaration which reads as follows: "For that, on to wit, the 23d day of December 1947 plaintiff was the owner of an automobile which was being operated in the absence of plaintiff upon and along Harris Avenue, a public highway in the City of Providence, in a generally Easterly direction while said operator was using plaintiff's automobile for his own use, business and pleasure; and plaintiff was at all times referred to herein in the exercise of due care."

The sustaining of the demurrer rests on defendant's contention that in the circumstances of the accident alleged in the declaration it does not suffice for the plaintiff merely to aver his own freedom from negligence but he must also allege that the operator of his automobile was likewise free from negligence. Defendant argues that such an averment is necessary as the declaration does not expressly state that the operator was not the plaintiff's servant or agent nor can it be reasonably inferred therefrom that he was not. Apparently it is conceded that if there was an averment in the declaration that submitted to such an inference it would not be necessary to allege freedom from contributory negligence on the part of the operator, as his negligence, if any, would not be imputable to the plaintiff.

Defendant argues further that it is entitled, under the rules of common-law pleading, to be informed precisely by the declaration of the nature of the relationship between the plaintiff and the operator in order adequately to pre-

pare its defense. It claims that the language of the declaration quoted above suggests a "wide range of relationships" such as "owner-thief, owner-bailee, owner-lessor, or even owner-agent."

We cannot agree with such claim in the latter respect, that the declaration could reasonably imply an owner-agent relationship. On the contrary we are of the opinion that the quoted language negatives such a relationship. An averment that the operator was using the automobile for his own purposes and entirely in the absence of the plaintiff would certainly seem to imply that the operator was definitely not using it on any mission of or service for the plaintiff. Whether he had been allowed to take the automobile gratuitously, or on a contract, express or implied, as lessee or bailee, or had taken it without plaintiff's consent is of no importance on the question of pleading before us. What is of importance is whether the operator was acting in any way for the plaintiff.

Plaintiff has alleged that the operator was acting for himself. At the trial he will necessarily assume the burden of proving that allegation. Defendant's demurrer admits that the operator was driving the automobile for his own use, business or pleasure in the absence of the plaintiff. This being so the doctrine of *respondeat superior* does not apply and consequently the negligence of the operator, assuming it to have existed, could not have affected the plaintiff's right to recover for the negligence of the defendant. Of course if defendant can show that the operator was acting as the agent or servant of the plaintiff at the time of the accident he may do so in the proper way and then the doctrine of *respondeat superior* would operate and impute the negligence of the operator to the plaintiff.

Under the law of negligence in this state the plaintiff must aver and prove that the negligence of the defendant was the proximate cause of the accident and that no negligence on the plaintiff's part or on the part of his servants or agents contributed thereto. But unless the facts alleged

in the declaration disclose a relationship of master and servant or of principal and agent the latter obligation concerning negligence of servants or agents does not exist. If there are further facts that would tend to show such a relationship the defendant may plead them specially and thus impose upon the plaintiff the obligation of meeting such issue. Here defendant, by its demurrer, acquiesced in the plaintiff's statement of the facts and thus raised a pure question of law. We are, therefore, of the opinion that on the pleadings as they stand the plaintiff's declaration, in the absence of a statute which places a greater burden upon him, meets the requirements of pleading at common law.

Whether or not there is any such statute in this state need not concern us here as the defendant has neither briefed nor argued that point, although the plaintiff has done so on the assumption that defendant would claim that public laws 1940, chap. 867, sec. 10, amending general laws 1938, chap. 98, §10, applied to the plaintiff. However, defendant did not make that contention in this court. In fact, it states in its brief that whether that statute would become applicable in the event the declaration contained the allegations which it claimed to be necessary, "need not be argued." Therefore we see no reason for discussing that statute at this time. Indeed, we think we ought not to do so where one side has seen fit not to meet the contentions of the other side that it was not applicable, and where admittedly the problem was one simply of common-law pleading unaffected by any statute.

In sustaining defendant's demurrer on only one of several grounds, the superior court, we may assume, impliedly rejected the remaining grounds, especially as defendant here has not briefed or argued them. In these circumstances we are of the opinion that defendant ought to be required now to plead to the declaration.

The plaintiff's exception is sustained, the defendant's

demurrer is overruled, and the case is remitted to the superior court for further proceedings.

*Albert Lisker,* for plaintiff.

*William E. Walsh, Thomas F. Keefe, James H. Duffy,* for defendant.